# UNTIED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| Thomas Dean Lovingood, ) | **COMPLAINT** |
| ) | |
| Plaintiff, ) | **Civil Action No.:** 7:17-cv-00789-MGL |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Thomas Dean Lovingood hereby brings this his complaint against the United States of America and would respectfully show unto this Honorable Court as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. Thomas Dean Lovingood ("Lovingood") is a citizen and resident of Spartanburg County, South Carolina, and is a veteran of the United States Army having been honorably discharged on June 3, 1993.

2. The United States of America is the defendant because employees of the Veteran's Administration ("VA") breached their duty of care and committed medical malpractice which resulted in the suffering and permanent impairment of Mr. Lovingood.

3. Mr. Lovingood was treated by the VA in Ashville, North Carolina.

4. Mr. Lovingood received treatment before and after the involvement of the VA from physicians located in Spartanburg and Greenville, South Carolina.

5. Venue is proper in the Spartanburg Division as the United States of America is a defendant; Plaintiff resides in Spartanburg County, and a substantial party of the events giving rise to this case occurred in Spartanburg County. 28 U.S.C. § 1391(b)(2) and (e).

6. This Court has jurisdiction over the defendant and this action based upon the Federal Court Claims Act.  28 U.S.C. § 1346(b)(1), 28 U.S.C. §§2671-80.

## GENERAL ALLEGATIONS

7. On or about September 4, 2014, Mr. Lovingood was involved in a motor vehicle accident in Spartanburg County where he suffered a severe injury to his left foot and ankle.

8. Mr. Lovingood was transported by Spartanburg County EMS to Spartanburg Medical Center Emergency Room for initial treatment.  He was released from Spartanburg Medical Center the following day with instructions to follow up with an orthopedic surgeon.

9. Mr. Lovingood then followed up with Dr. John Broderick as instructed and Dr. Broderick indicated that surgery would need to be scheduled as soon as practical.

10. However, Mr. Lovingood was uninsured and had previously been treated through the VA, so he traveled to Asheville to be seen by the VA Clinic there.  He was initially seen in consultation at the VA by Dr. Andrew Blackburn.  However, he was told that he would have to be seen by a Dr. Emanuel Garcia for pre-approval prior to any surgical procedure.  The VA doctors advised Mr. Lovingood to cancel his surgery because his foot was too swollen.

11. Mr. Lovingood canceled the surgery and then went to the VA for follow up every week for the next several weeks.  Ultimately, the VA advised that they were not equipped to do the necessary surgery and, therefore, would allow him to be treated near his home in Spartanburg by a private physician.

12. Mr. Lovingood was then referred to Dr. Mike Henderson in Spartanburg who referred him back to Dr. Broderick for surgery.

13. Following a limited procedure by Dr. Broderick, Mr. Lovingood was referred to Dr. John Womack who performed surgery on his left foot and ankle on November 18, 2014 at St. Francis Hospital in Greenville, South Carolina. Prior to the surgery, Dr. Womack advised Mr. Lovingood that the procedure was only a salvage operation and that he would most likely have lifetime impairments and difficulties as a result of the undue delay in having the surgery.

14. Despite the best efforts of Dr.'s Broderick and Womack, Mr. Lovingood now suffers, on a permanent basis, with an immobile left foot and ankle, a left leg which is shorter than his right, a chronic limp, and back pain resulting from his uneven gait, as well as the potential need for bracing and/or other mechanical assistance with ambulation in the future.

15. As a further result, Mr. Lovingood has been rendered disabled to engage in any substantial gainful work activity or to enjoy his usual hobbies and pursuits of daily living.

16. Mr. Lovingood timely filed a Form 95 Administrative Claim with the VA on May 23, 2016.

17. On October 6, 2016, the VA denied the Administrative Claim.

**STATEMENT OF CLAIM (MEDICAL NEGLIGENCE/MALPRACTICE)**

18. The foregoing allegations contained in this Complaint are incorporated by referenced herein as fully as restated verbatim.

19. The VA healthcare providers, whether doctors, nurses, or others, owed a duty of care to Mr. Lovingood to provide him with the degree of care and skill which is

ordinarily employed by the medical profession generally under similar conditions and like surrounding circumstances.

20. The VA healthcare providers breached that duty of care in the manner described above, and incorporated herein, as follows:

   a. In failing to properly assess and evaluate Mr. Lovingood's condition and need for surgical intervention in a timely fashion;

   b. In failing to offer necessary definitive surgical management in a timely fashion;

   c. In failing to take necessary and appropriate procedures prior to surgery which could have extended the window during which restorative surgery could have been accomplished; and

   d. In generally failing to exercise the degree of care and caution that reasonably prudent physicians and other allied healthcare professions should have exercises under the circumstances then and there existing.

(See Affidavit of Paul Victor Spiegl, M.D. attached hereto and incorporated by reference herein as Exhibit A and CV of Dr. Spiegl attached hereto as Exhibit B.)

21. The substandard medical care provided to Mr. Lovingood by the VA as described above resulted in his need for more extensive surgery with a poor result, including significant permanent leg length discrepancy and other resulting impairments and problems as set forth hereinabove. (See Exhibit A.)

22. Based upon the VA healthcare providers' breaches of the duty of care/medical malpractice, Mr. Lovingood is informed and believes that he is entitled to an award of actual and consequential damages.

23. Based upon the breach of the duty of the duty of care/medical malpractice of the VA healthcare providers, the United States of America is liable for damages because these providers' actions and omissions occurred while they were acting within the scope of their employment/service under the doctrine of Respondeat Superior.  28 U.S.C. § 2674.

**WHEREFORE,** having set forth his complaint against the United States of America for the tortious acts of its employees and agents, Plaintiff Thomas Dean Lovingood does hereby request a trial on all of the issues that have been or may hereafter be raised in any of the pleadings.  Plaintiff further seeks judgment against the Defendant for:

A.  Actual and consequential damages as to his claim(s);

B.  The costs of and disbursements of this action; and

C.  Such other and further relief as this Court deems just and proper.

                                        **Harrison, White, Smith and Coggins, P.C.**

                                        BY:   s/Donald C. Coggins, Jr.
                                                **DONALD C. COGGINS, JR.**
                                                Federal I.D. No. 198
                                                **DANNY R. SMITH**
                                                Federal I.D. No. 3892
                                                178 West Main Street
                                                PO Box 3547
                                                Spartanburg, SC  29304
                                                dcoggins@spartanlaw.com
                                                dsmith@spartanlaw.com
                                                (864) 585-5100
                                                Attorneys for the Plaintiff

March 24, 2017

Spartanburg, South Carolina